

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00239-CR

RICHARD BROWN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1250248D

----------

### MEMORANDUM OPINION[1]

----------

In June 2012, Appellant Richard Brown pled guilty to indecency with a child by contact and true to a repeat offender allegation in exchange for eleven years' confinement,[2] and the trial court followed the plea bargain and sentenced

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 21.11(a)(1), (d) (West 2011) (providing indecency by contact is second-degree felony), *id.* § 12.42(b) (West Supp.

Appellant accordingly.[3]  The trial court's certification states that this is a plea-bargained case and that Appellant has no right of appeal.[4]  The certification also contains a boilerplate endnote,

> * . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal.[5]

On May 23, 2016, about forty-six months too late,[6] Appellant filed a notice of appeal based on the apparent denial of his pretrial motion to quash.  We informed Appellant by letter that his case was subject to dismissal based on the untimeliness of the notice of appeal unless he or any party desiring to continue the appeal showed grounds for continuing it.  His response does not show such grounds.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.[7]  The Texas Court of Criminal

---

2015) (providing defendant convicted of second-degree felony is punished for first-degree felony when prior felony conviction is also shown).

[3]*See* Tex. R. App. P. 25.2(a)(2).

[4]*See* Tex. R. App. P. 25.2(d).

[5]*See* Tex. R. App. P. 25.2(a)(2), (d).

[6]*See* Tex. R. App. P. 26.2(a)(1) (providing notice of appeal must be filed within thirty days of sentencing).

[7]*See id.*

Appeals has expressly held that without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal.[8]

Because Appellant's notice of appeal was untimely filed, we dismiss this case for want of jurisdiction.[9]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 4, 2016

---

[8]*Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

[9]*See* Tex. R. App. P. 43.2(f).